IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Kingdawud Mujahid Burgess, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:08cv120 (GBL/TCB) |
| ) | |
| Aaron R. Ybarra and the United States, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Kingdawud Mujahid Burgess, a federal inmate proceeding pro se, filed a civil rights action, raising claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. By Order dated January 15, 2009, plaintiff's complaint was dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because plaintiff failed to inform the Court of his new address. On June 30, 2009, plaintiff filed what he captioned as a Motion for Reconsideration Based on Extraordinary Circumstances Which I Had No Control Over. Counsel for defendants filed an Opposition to the Motion on July 8, 2009. For the reasons that follow, plaintiff's Motion must be denied.

Plaintiff filed the underlying complaint on February 11, 2008, alleging that defendants violated his constitutional rights. By Order dated February 29, 2009, plaintiff was directed to particularize and amend his complaint. Plaintiff was cautioned in the Order that if he failed to comply with any part of the Order or failed to notify the Court of any change in his address or status, his claim could be dismissed. Plaintiff filed an Amended Complaint on March 28, 2008, along with an application to proceed in forma pauperis and a consent form. By Order dated

August 18, 2008, plaintiff was directed to provide clear evidence of having fully exhausted his administrative remedies with respect to his FTCA claims and to inform the Court of the date or dates on which the events giving rise to his complaint occurred. Plaintiff's institution also was directed to provide an Inmate Account Report Form.

Plaintiff complied with the Order on September 4, 2008. By Order dated November 14, 2008, plaintiff's complaint was served on defendants, and defendants were ordered to file an answer or other responsive pleadings to the complaint within sixty days of the date of service. The Court also directed plaintiff's correctional institution to send an initial filing fee of $19.87 within thirty days of the date of the Order, to submit twenty percent of plaintiff's preceding month's income any time his monthly balance was at least $10.00 until the full filing fee was paid, and to inform the Court if plaintiff failed to keep twenty percent of his preceding month's income in his account by completing a Report of Violation of the Consent Order and returning it to the Court. Finally, the Court again informed plaintiff that if he failed to notify the Court immediately in the event that he was transferred, released, or otherwise relocated, his complaint could be dismissed pursuant to Rule 41(b).

On December 10, 2008, the Court received a Report of Violation of Consent Order, in which plaintiff's correctional institution informed the Court that plaintiff was on a federal writ, and left the Rivers Correctional Institution on November 25, 2008. Plaintiff had failed to inform the Court of his new address, and therefore, he violated the directions provided to him in the Court's initial and subsequent orders. As a result, the underlying action was dismissed without

prejudice on January 15, 2009.[1]

On April 24, 2009, plaintiff sent a letter to the Court, in which he indicated that he was submitting a payment of twenty dollars to satisfy a portion of his filing fee. Plaintiff did not contact the Court again until June 9, 2009, when he sent another letter to the Court and requested that the Court issue a summons and order service on the defendants to the instant action. The Court informed plaintiff by letter that his complaint had been dismissed, and provided plaintiff a copy of the dismissal order and the docket. Plaintiff sent a third letter to the Court on June 16, in which he explained that he was unskilled in the law, sought to have counsel appointed, and requested an extension of time to amend or clarify the allegations in his complaint. The Court sent a letter to plaintiff again, reminding him that his case had been dismissed, therefore he was not entitled to the relief he had requested.

Plaintiff then filed a Motion for Reconsideration on June 30, 2009, in which he argues that due to circumstances beyond his control, he was unable to notify the Court of his change in address. Plaintiff provides the following timeline of events. On October 23, 2008, plaintiff was transferred by the U.S. Marshals from Rivers Correctional Institution to FCI Petersburg on a writ. On November 14, 2008, the U.S. Marshals transferred plaintiff back to Rivers, and at some point that month plaintiff received a copy of the Court's November 14, 2008 Order serving plaintiff's complaint on defendants and granting plaintiff permission to proceed in forma pauperis. On November 25, 2008, plaintiff was transferred from Rivers to FCI Petersburg. At some point in December, plaintiff was transferred from FCI Petersburg to Warsaw County Jail, and then from

---

[1] Because plaintiff had failed to provide the Court with his new address, the Order sent to plaintiff at his last known address on file was returned as undeliverable.

Waraw County Jail to the Alexandria City Jail. Plaintiff remained at the Alexandria City Jail until February 12, 2009, at which time he was transferred back to Warsaw County Jail, and then returned to Rivers on February 26, 2009. Plaintiff alleges that although he knew he was required to notify the Court of his address change, he claims that he was not permitted to bring or carry anything with him while he was being transported by the U.S. Marshals. He asks the Court to reconsider its January 15 dismissal and grant him an evidentiary hearing to show cause why the Court should re-open this civil case.

Defendants filed an Opposition to plaintiff's Motion on July 8, in which they ask the Court to deny plaintiff's Motion because it is both without merit and untimely. Defendants argue that plaintiff's motion was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking to alter or amend the Court's judgment. However, a Rule 59(e) motion must be filed no later than ten days after the entry of judgment. See Fed. R. Civ. P. 59(e). Moreover, such a motion may only be granted for one of three reasons: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice. See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). As none of these are relevant to the grounds put forth in plaintiff's motion, and in fact plaintiff filed his motion more than six months after the Court dismissed his complaint, it does not appear that plaintiff seeks to file his motion pursuant to Rule 59(e).

Rather, it appears that plaintiff wishes to file his motion pursuant to Rule 60(b). Under Rule 60(b) of the Federal Rules of Civil Procedure, "a court may relieve a party . . . from a final judgment, order, or proceeding" for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Based on plaintiff's allegations, it is clear that his claim does not fall within the bounds of any reason in 60(b)(2)-60(b)(5). Thus, the only relevant provisions for determining whether plaintiff is entitled to relief are 60(b)(1) and 60(b)(6).

Under 60(b)(1), a plaintiff is entitled to relief due to mistake, inadvertence, surprise, or excusable neglect. However, plaintiff has not argued that mistake, inadvertence, or surprise are applicable. Instead, plaintiff appears to claim excusable neglect, stating that although he knew he was required to update the Court on his status and address, he was transferred numerous times and not permitted to take anything with him while he was being transferred. However, the Fourth Circuit has stated that to obtain relief under this portion of the rule, "a party must demonstrate inter alia that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (1992). Here, plaintiff has not demonstrated that he is without fault. Although plaintiff alleges that he

was not allowed to bring anything with him while being transferred, he fails to explain why he could not obtain a piece of paper once he was at the Alexandria City Jail in December 2008, where he remained for approximately two months. In fact, it was only after plaintiff had been housed at that jail for approximately one month that the Court dismissed plaintiff's complaint on January 15. As a result, plaintiff is not entitled to relief under 60(b)(1).

Plaintiff also is not entitled to relief under 60(b)(6). Although the language of Rule 60(b)(6) is broad, plaintiff's allegations do not reach the level of a "extraordinary circumstances" necessary to warrant relief under that provision. Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). It is well-established that transfers from one facility to another are a normal incident of prison life. See, e.g., Meachum v. Fano, 427 U.S. 215, 225 (1976) (finding that the Due Process Clause does not "in and of itself protect a duly convicted prisoner against transfer from one institution to another"). Furthermore, as noted above, although plaintiff may have been without paper or other materials during his transfer, there is nothing in his motion to suggest he was without the necessary tools to inform the Court of his transfer during the two months he remained at the Alexandria City Jail. As a result, plaintiff is not entitled to relief pursuant to 60(b)(6).[2]

Accordingly, it is hereby

ORDERED that plaintiff's Motion for Reconsideration Based on Extraordinary Circumstances Which I Had No Control Over (Docket # 10), construed as a Motion for Relief

---

[2]Because plaintiff's claims can be addressed thoroughly on the existing record, and because he otherwise is not entitled to evidentiary development of his claims, plaintiff is not entitled to an evidentiary hearing to show cause why the Court should re-open his case. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); Green v. Johnson, 431 F. Supp. 2d 601, 608-17 (E.D. Va. 2006).

from Judgment pursuant to Fed. R. Civ. P. 60(b), be and is DENIED.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed send of copy of this Memorandum Opinion and Order to plaintiff and to counsel of record for defendants.

Entered this 24th day of July 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge